1  BUCHALTER NEMER
   A Professional Corporation
2    JEFFREY B. KIRSCHENBAUM (SBN:  152290)
     IVO KELLER (SBN:  245909)
3  55 Second Street, 17th Floor
   San Francisco, CA  94105-3493
4  Telephone: (415) 227-0900
   Facsimile: (415) 227-0770
5  Email:  jkirschenbaum@buchalter.com
            ikeller@buchalter.com
6
   Attorneys for Plaintiff Citibank, N.A.
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

11

12 | CITIBANK, N.A., a national banking association, | CASE NO. |

13                                          **COMPLAINT OF PLAINTIFF
                Plaintiff,                  CITIBANK, N.A. AGAINST
14                                          DEFENDANTS LUCAS O. STICKNEY;
        vs.                                 LUCINDA DUGGER, AS TRUSTEE OF
15                                          THE A&M PROPERTIES TRUST;
   LUCAS O. STICKNEY, an individual;        LUCINDA DUGGER; AND JAMIE N.
16 LUCINDA DUGGER, as Trustee of The        FURR:
   A&M Properties Trust; LUCINDA
17 DUGGER, an individual; JAMIE N. FURR,    1.  **To Set Aside Fraudulent Transfer**
   an individual; and DOES 1 through 20,        **Based Upon Intentional Acts;**
18 inclusive,                              2.  **To Set Aside Fraudulent Transfer**
                                               **Based Upon Intentional Acts;**
19               Defendants.               3.  **To Set Aside Fraudulent Transfer As**
                                               **A Transfer During, Or Resulting In,**
20                                             **Insolvency;**
                                           4.  **To Set Aside Fraudulent Transfer As**
21                                             **A Transfer During, Or Resulting In,**
                                               **Insolvency; and**
22                                         5.  **For Conspiracy**

23                                         **INDEX OF EXHIBITS**

24

25

26

27

28

BN 16756407V2                       1

**COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCES AND FOR CONSPIRACY**

1    Plaintiff Citibank, N.A., a national banking association, ("Plaintiff") for its Complaint

2    alleges as follows:

3    1.    Plaintiff is a judgment creditor of defendant Lucas O. Stickney ("Stickney"). This

4    is an action to set aside fraudulent conveyances of real property by Stickney to a purported

5    irrevocable trust controlled by Stickney's sister, Lucinda Dugger ("Dugger"). Plaintiff also seeks

6    damages against Dugger, individually and as trustee, and Stickney's wife, Jamie N. Furr ("Furr"),

7    for knowingly and wilfully conspiring to hinder, delay and defraud Plaintiff in the collection of its

8    judgment against Stickney.

9    **JURISDICTION AND VENUE**

10    2.    This court has diversity of citizenship jurisdiction over this action pursuant to 28

11    U.S.C. § 1332(a), as Plaintiff is a national banking association having its principal place of

12    business in the State of South Dakota, while Defendants are individuals who, Plaintiff is informed

13    and believes, are citizens of the States of California and Maryland. The amount in controversy

14    exceeds $75,000, exclusive of interest and costs.

15    3.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b), since the property that

16    is the subject of this action is located in the County of San Francisco, State of California.

17    **INTRADISTRICT ASSIGNMENT**

18    4.    Assignment to the San Francisco Division of the Northern District of California is

19    appropriate pursuant to Civil Local Rule 3-2(c), because the property that is the subject of this

20    action is located in the County of San Francisco, State of California.

21    **THE PARTIES**

22    5.    The true names and capacities, whether individual, corporate, associate or

23    otherwise of Defendants Does 1 through 20, inclusive, are unknown to Plaintiff, who therefore

24    sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon

25    alleges that each of the Defendants designated herein as a fictitiously named Defendant is in some

26    manner responsible for the events and happenings herein referred to, either contractually or

27    tortiously, and caused the damage to the Plaintiff as herein alleged. When Plaintiff ascertains the

28

1  true names and capacities of Does 1 through 20, inclusive, it will ask leave of this Court to amend

2  its Complaint by setting forth the same.

3       6.    Plaintiff is a national banking association and at all times herein mentioned was

4  and is duly licensed to conduct business in the State of California. Plaintiff is exempt from the

5  usury provisions of Article XV, Section 1, of the California Constitution.

6       7.    This action is not subject to the provisions of Sections 2981, *et seq.* (Rees-

7  Levering Act), or Sections 1801, *et seq.* (Unruh Act), of the Civil Code of the State of California.

8       8.    Plaintiff is informed and believes and thereupon alleges that at all times herein

9  mentioned, defendant Stickney was and is an individual residing within the County of San

10  Francisco, State of California, and a citizen of California.

11       9.    Plaintiff is informed and believes and thereon alleges that The A&M Properties

12  Trust is an irrevocable trust and that Dugger is the trustee of said trust.

13       10.    Plaintiff is informed and believes and thereon alleges that at all times herein

14  mentioned, defendant Dugger was and is an individual residing in the State of Maryland, and a

15  citizen of Maryland.

16       11.    Plaintiff is informed and believes and thereon alleges that at all times herein

17  mentioned, defendant Furr was and is an individual residing within the County of San Francisco,

18  State of California, and a citizen of California.

19       12.    At all times herein mentioned, each of the defendants named in the caption of this

20  Complaint, which is incorporated herein by this reference, was and is the agent, servant and

21  employee of each of the other defendants, and all of the things alleged to have been done by said

22  defendants were done in the capacity of and as agent of the other defendants.

23  **GENERAL ALLEGATIONS**

24       13.    On or about February 11, 2010, Plaintiff, as lender, granted a credit facility to

25  Titan Electrical Construction, Inc. ("Borrower"), as borrower, in the amount of $400,000.00 (the

26  "Loan"). In connection with the Loan, Borrower entered into a written Business Loan Agreement

27  and made, executed, and delivered to Plaintiff a written U.S. Small Business Administration

28  Note. Borrower agreed to repay to Plaintiff the principal sum of $400,000.00, together with

BUCHALTER NEMER
ATTORNEYS AT LAW
SAN FRANCISCO

BN 16756407V2

3

**COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCES AND FOR CONSPIRACY**

1   interest on the unpaid principal balance, in monthly installments of principal and interest, until

2   paid in full, among other things.

3        14.    On or about February 11, 2010, Stickney made, executed and delivered to Plaintiff

4   a written Unconditional Guarantee ("Guarantee), for value received, guaranteeing the Loan in

5   full.  At that time, Stickney was president of Borrower.

6        15.    Events of default under the agreements related to the Loan occurred, including, but

7   not limited to, Borrower's failure to make the regularly scheduled payment due on July 11, 2012,

8   or any other payment due thereafter; and Borrower's commencement of a proceeding under the

9   bankruptcy laws.[1]  Therefore, pursuant to the terms of the Loan documents, Plaintiff elected to

10  accelerate the Loan.

11       16.    After Plaintiff accelerated the Loan, Plaintiff made demand upon Stickney for

12  payment of the sums due and owing under the Guarantee; however, Stickney failed and refused to

13  pay the sums due and owing to Plaintiff.

14       17.    On January 15, 2013, Plaintiff commenced against Stickney San Francisco

15  Superior Court Case No. CGC-13-527995, for Breach of Unconditional Guarantee and for Money

16  Due.  On February 20, 2014, an Amended Judgment was entered in that action against Stickney,

17  and in favor of Plaintiff, in the amount of $327,198.46.  A true copy of the "Amended Judgment"

18  is attached hereto as **Exhibit 1** and incorporated by reference herein.  No payment has been made

19  on the Amended Judgment, and it has not been satisfied.  The Amended Judgment became final

20  prior to the filing of this action.  The Amended Judgment has never been appealed and the time

21  for appealing has expired.

22

23

24

25

26

27      [1] On or about July 17, 2012, the Borrower filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Case No. 12-32110.  The case was closed on November 8, 2012.

28

**FIRST CAUSE OF ACTION**

**To Set Aside Fraudulent Transfer of 10, 12, and 12A Guy Place, San Francisco, Based Upon**

**Intentional Acts (California Civil Code §3439.04) Against Stickney; Lucinda Dugger,**

**Trustee, The A&M Properties Trust; Furr; and Does 1-20**

18.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 of its Complaint and by reference thereto incorporates the same as though fully set forth herein.

19.     Commencing in or around October 2005, and continuing until in or around May 2012, Stickney was the owner and in possession and control of a portion of that real property located in San Francisco, California, commonly known as 10, 12, and 12A Guy Place, and more particularly described as follows:

> Lucas Stickney, an unmarried man and Jamie Furr, an unmarried woman, as joint tenants to an undivided 33.0000 percent interest in the real property situated in the City of San Francisco, County of San Francisco, State of California and described as follows:
>
> Beginning at a point on the Northwesterly line of Guy Place, distant thereon 125 feet Southwesterly from the Southwesterly line of 1st Street; running thence Southwesterly and along said line of Guy Place 25 feet; thence at a right angle Northwesterly 70 feet; thence at a right angle Northeasterly 25 feet; thence at a right angle Southeasterly 70 feet to the point of beginning.  Being a portion of 100 Vara Block No. 37, in Block No. 348.

Plaintiff is informed and believes and thereon alleges that Stickney acquired the aforementioned property prior to his marriage to Furr, and that Stickney and Furr married prior to the transfer of the property described in the next paragraph.  The community estate of Stickney and Furr, and the separate estate of Stickney, in the aforementioned property is hereinafter referred to as "10, 12, and 12A Guy Place."

20.     On May 17, 2012, Stickney and Furr transferred Stickney's ownership of 10, 12, and 12A Guy Place to Lucinda Dugger, Trustee, The A&M Properties Trust, by causing a grant deed to be recorded in the Official Records of San Francisco County as Instrument No. DOC-2012-J414748-00, a true copy of which is attached hereto as **Exhibit 2** and incorporated by reference herein.

21.     Stickney received no consideration for the transfer of 10, 12, and 12A Guy Place.

22.     Stickney incurred the obligation to Plaintiff that gave rise to the Amended Judgment on or before the date of the transfer of 10, 12, and 12A Guy Place. Plaintiff is informed and believes and thereon alleges that, at the time of the transfer, Stickney was engaged in a transaction (i.e., the Guarantee) for which his remaining assets were unreasonably small in relation to the transaction.

23.     Plaintiff is informed and believes and thereon alleges that the transfer by Stickney of 10, 12, and 12A Guy Place was made with an actual intent to hinder, delay or defraud all of Stickney's then and future creditors, including Plaintiff, in the collection of their claims.

WHEREFORE, Plaintiff prays for judgment as follows.

## SECOND CAUSE OF ACTION

**To Set Aside Fraudulent Transfer of 630 Natoma Street, San Francisco, Based Upon**

**Intentional Acts (California Civil Code §3439.04) Against Stickney; Lucinda Dugger,**

**Trustee, The A&M Properties Trust; Furr; and Does 1-20**

24.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 of its Complaint and by reference thereto incorporates the same as though fully set forth herein.

25.     Commencing in or around August 2007, and continuing until in or around May 2012, Stickney was the owner and in possession and control of a portion of that real property located in San Francisco, California, commonly known as 630 Natoma Street, and more particularly described as follows:

> Lucas O. Stickney and Jamie N. Furr, husband and wife as community property, the following described real property in the City of San Francisco, County of San Francisco, State of California:
>
> COMMENCING AT A POINT ON THE NORTHWESTERLY LINE OF NATOMA STREET, DISTANT THEREON 250 FEET SOUTHWESTERLY FROM THE SOUTHWESTERLY LINE OF 7TH STREET; RUNNING THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF NATOMA STREET 25 FEET; THENCE AT A RIGHT ANGLE NORTHWESTERLY 75 FEET; THENCE AT A RIGHT ANGLE NORTHEASTERLY 25 FEET; THENCE AT A RIGHT ANGLE SOUTHEASTERLY 75 FEET TO THE NORTHWESTERLY LINE OF NATOMA STREET AND THE POINT OF COMMENCEMENT.
>
> BEING A PORTION OF 100 VARA LOT NO. 260.

1    Plaintiff is informed and believes and thereon alleges that Stickney and Furr acquired the

2    aforementioned property when they were married.  The community estate of Stickney and Furr,

3    and the separate estate of Stickney, if any, in the aforementioned property is hereinafter referred

4    to as "630 Natoma Street."

5        26.    On May 17, 2012, Stickney and Furr transferred 630 Natoma Street to Lucinda

6    Dugger, Trustee, The A&M Properties Trust, by causing a grant deed to be recorded in the

7    Official Records of San Francisco County as Instrument No. DOC-2012-J414747-00, a true copy

8    of which is attached hereto as **Exhibit 3** and incorporated by reference herein.

9        27.    Stickney received no consideration for the transfer of 630 Natoma Street.

10       28.    Stickney incurred the obligation to Plaintiff that gave rise to the Amended

11   Judgment on or before the date of the transfer of 630 Natoma Street.  Plaintiff is informed and

12   believes and thereon alleges that, at the time of the transfer, Stickney was engaged in a

13   transaction (i.e., the Guarantee) for which his remaining assets were unreasonably small in

14   relation to the transaction.

15       29.    Plaintiff is informed and believes and thereon alleges that the transfer by Stickney

16   of 630 Natoma Street was made with an actual intent to hinder, delay or defraud all of Stickney's

17   then and future creditors, including Plaintiff, in the collection of their claims.

18       WHEREFORE, Plaintiff prays for judgment as follows.

19   **THIRD CAUSE OF ACTION**

20   **To Set Aside Fraudulent Transfer of 10, 12 and 12A Guy Place, San Francisco, As A**

21   **Transfer During, or Resulting In, Insolvency (California Civil Code §3439.05) – Against**

22   **Stickney: Lucinda Dugger, Trustee, The A&M Properties Trust; Furr; and Does 1-20**

23       30.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29

24   of its Complaint and by reference thereto incorporates the same as though fully set forth herein.

25       31.    Plaintiff's claim against Stickney, and Stickney's obligation to Plaintiff, arose

26   before the transfer of 10, 12, and 12A Guy Place.

27       32.    Stickney did not receive a reasonably equivalent value in exchange for the transfer

28   of 10, 12, and 12A Guy Place.

33.     Plaintiff is informed and believes and thereon alleges that, as of the date of the transfer of 10, 12, and 12A Guy Place, Stickney was insolvent; or, in the alternative, Stickney became insolvent as a result of the transfers alleged herein.

WHEREFORE, Plaintiff prays for judgment as follows.

### FOURTH CAUSE OF ACTION

**To Set Aside Fraudulent Transfer of 630 Natoma Street, San Francisco, As A Transfer During, or Resulting In, Insolvency (California Civil Code §3439.05) – Against Stickney; Lucinda Dugger, Trustee, The A&M Properties Trust; Furr; and Does 1-20**

34.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 33 of its Complaint and by reference thereto incorporates the same as though fully set forth herein.

35.     Plaintiff's claim against Stickney, and Stickney's obligation to Plaintiff, arose before the date of the transfer of 630 Natoma Street, as more fully described above.

36.     Stickney did not receive a reasonably equivalent value in exchange for the transfer 630 Natoma Street.

37.     Plaintiff is informed and believes and thereon alleges that, as of the date of the transfer of 630 Natoma Street, Stickney was insolvent; or, in the alternative, Stickney became insolvent as a result of the transfers alleged herein.

WHEREFORE, Plaintiff prays for judgment as follows.

### FIFTH CAUSE OF ACTION

**Conspiracy – Against Furr; Dugger; Lucinda Dugger, Trustee, The A&M Properties Trust; and Does 1-20**

38.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 of its Complaint and by reference thereto incorporates the same as though fully set forth herein.

39.     Plaintiff is informed and believes and thereon alleges that, in or around May 2012, Furr, Dugger, and Lucinda Dugger, Trustee, The A&M Properties Trust, agreed and knowingly and willingly conspired between themselves to hinder, delay and defraud Plaintiff in the collection of its claim against Stickney.

40.     Plaintiff is informed and believes and thereon alleges that, under this conspiracy:

1       (a)     Stickney and Furr were actively engaged in the business of Borrower, and Dugger

2   is Stickney's sister and confidant.  In or around May 2012, Stickney, Furr and Dugger knew that

3   Borrower was on the brink of bankruptcy and that Stickney had incurred, or would incur,

4   extensive liabilities to Plaintiff as a result of the Guarantee.  They therefore schemed to place

5   Stickney's only valuable assets outside of the reach of Plaintiff;

6       (b)     In or around May 2012, Stickney, Furr and Dugger prepared, or caused to be

7   prepared, a purported trust agreement for The A&M Properties Trust, a copy of which is attached

8   hereto as **Exhibit 4** and incorporated by reference herein;

9       (c)     Dugger, agreed to, and did, act as Trustee for The A&M Properties Trust;

10       (d)     Stickney and Furr agreed to, and did, transfer 10, 12 and 12A Guy Place to

11   Lucinda Dugger, Trustee, The A&M Properties Trust;

12       (e)     Stickney and Furr agreed to, and did, transfer 630 Natoma Street to Lucinda

13   Dugger, Trustee, The A&M Properties Trust;

14       (f)     Stickney and Furr have resided at 12 Guy Place (a portion of 10, 12, and 12A Guy

15   Place), continuously since approximately 2005.  In or around May 2012, Stickney, Furr and

16   Dugger agreed that, after 10, 12, and 12A Guy Place was transferred to Lucinda Dugger, Trustee,

17   The A&M Properties Trust, Stickney and Furr would continue to reside at 12 Guy Place, without

18   a lease, rent-free, or at rent unilaterally set by Stickney or Furr;

19       (g)     Before Borrower went out of business, in approximately August 2012, 630

20   Natoma Street was the business premises of Borrower.  In or around May 2012, Stickney, Furr

21   and Dugger agreed that, after 630 Natoma Street was transferred to Lucinda Dugger, Trustee, The

22   A&M Properties Trust, Stickney and Furr would continue to manage the property and locate a

23   tenant to replace Borrower, after Borrower went out of business;

24       (h)     In or around May 2012, Stickney, Dugger and Furr agreed that, in the event that

25   The A&M Properties Trust had insufficient funds to pay expenses, property taxes, and mortgages

26   related 10, 12, and 12A Guy Place and 630 Natoma Street, Stickney and Furr would fund these

27   obligations by making sham loans to the trust.  In 2013 and 2014, Stickney and Furr made sham

28   loans to The A&M Properties Trust;

(i)     In or around May 2012, Stickney, Furr and Dugger agreed that, at such time as Stickney's obligation to Plaintiff was barred by the statute of limitations, or otherwise resolved without full payment, they would unwind The A&M Properties Trust, and Dugger would return the properties to Stickney and Furr, as though the transfers had not occurred.

41.     Defendants Furr, Lucinda Dugger, Trustee, The A&M Properties Trust, and Dugger did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

42.     As a proximate result of the wrongful acts herein alleged, Plaintiff has been generally damaged in the amount of the Amended Judgment together with post-judgment interest, attorney's fees incurred in this action and in connection with collections efforts, and costs.

43.     Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Furr, Lucinda Dugger, Trustee, The A&M Properties Trust, and Dugger, knew of Plaintiff's claim against Stickney and knew that Plaintiff's claim could only be satisfied out of the properties that he transferred.  Notwithstanding this knowledge, said defendants intentionally, wilfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.  Plaintiff therefore is entitled to exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows.

**AS TO THE FIRST CAUSE OF ACTION AGAINST STICKNEY, LUCINDA DUGGER, TRUSTEE, THE A&M PROPERTIES TRUST, FURR AND DOES 1-20:**

1.   That the transfer of 10, 12, and 12A Guy Place to defendant Lucinda Dugger, Trustee, The A&M Properties Trust be set aside and declared void as to the Plaintiff herein to the extent necessary to satisfy the Amended Judgment in the amount of $327,198.46, together with post-judgment interest, costs, and attorney's fees;

2.   That a temporary restraining order and/or order pendent lite be granted Plaintiff enjoining and restraining defendant Lucinda Dugger, Trustee, The A&M Properties Trust, and her representatives, attorneys, and agents, be restrained from selling, transferring, or otherwise disposing of 10, 12, and 12A Guy Place;

3.   That the judgment herein be declared a lien on 10, 12, and 12A Guy Place;

4. That an order be made declaring that defendant Lucinda Dugger, Trustee, The A&M Trust, holds 10, 12, and 12A Guy Place in trust for Plaintiff;

5. That defendant Lucinda Dugger, Trustee, The A&M Properties Trust, be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for 10, 12, and 12A Guy Place.

**<u>AS TO THE SECOND CAUSE OF ACTION AGAINST STICKNEY, LUCINDA DUGGER, TRUSTEE, THE A&M PROPERTIES TRUST, FURR AND DOES 1-20:</u>**

1. That the transfer of 630 Natoma Street to defendant Lucinda Dugger, Trustee, The A&M Properties Trust be set aside and declared void as to the Plaintiff herein to the extent necessary to satisfy the Amended Judgment in the amount of $327,198.46, together with post-judgment interest, costs, and attorney's fees;

2. That a temporary restraining order and/or order pendent lite be granted Plaintiff enjoining and restraining defendant Lucinda Dugger, Trustee, The A&M Properties Trust, and her representatives, attorneys, and agents, from selling, transferring, or otherwise disposing of 630 Natoma Street;

3. That the judgment herein be declared a lien 630 Natoma Street;

4. That an order be made declaring that defendant Lucinda Dugger, Trustee, The A&M Trust, holds 630 Natoma Street in trust for Plaintiff;

5. That defendant Lucinda Dugger, Trustee, The A&M Properties Trust, be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for 630 Natoma Street.

**<u>AS TO THE THIRD CAUSE OF ACTION AGAINST STICKNEY, LUCINDA DUGGER, TRUSTEE, THE A&M PROPERTIES TRUST, FURR AND DOES 1-20:</u>**

1. That the transfer of 10, 12, and 12A Guy Place to defendant Lucinda Dugger, Trustee, The A&M Properties Trust be set aside and declared void as to the Plaintiff herein to the extent necessary to satisfy the Amended Judgment in the amount of $327,198.46, together with post-judgment interest, costs, and attorney's fees;

2.  That a temporary restraining order and/or order pendent lite be granted Plaintiff enjoining and restraining defendant Lucinda Dugger, Trustee, The A&M Properties Trust, and her representatives, attorneys, and agents, from selling, transferring, or otherwise disposing of 10, 12, and 12A Guy Place;

3.  That the judgment herein be declared a lien on 10, 12, and 12A Guy Place;

4.  That an order be made declaring that defendant Lucinda Dugger, Trustee, The A&M Trust, holds 10, 12, and 12A Guy Place in trust for Plaintiff;

5.  That defendant Lucinda Dugger, Trustee, The A&M Properties Trust, be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for 10, 12, and 12A Guy Place.

**AS TO THE FOURTH CAUSE OF ACTION AGAINST STICKNEY, LUCINDA DUGGER, TRUSTEE, THE A&M PROPERTIES TRUST, FURR AND DOES 1-20:**

1.  That the transfer of 630 Natoma Street to defendant Lucinda Dugger, Trustee, The A&M Properties Trust be set aside and declared void as to the Plaintiff herein to the extent necessary to satisfy the Amended Judgment in the amount of $327,198.46, together with post-judgment interest, costs, and attorney's fees;

2.  That a temporary restraining order and/or order pendent lite be granted Plaintiff enjoining and restraining defendant Lucinda Dugger, Trustee, The A&M Properties Trust, and her representatives, attorneys, and agents, from selling, transferring, or otherwise disposing of 630 Natoma Street;

3.  That the judgment herein be declared a lien on 630 Natoma Street;

4.  That an order be made declaring that defendant Lucinda Dugger, Trustee, The A&M Trust, holds 630 Natoma Street in trust for Plaintiff;

5.  That defendant Lucinda Dugger, Trustee, The A&M Properties Trust, be required to account to Plaintiff for all profits and proceeds earned from or taken in exchange for 630 Natoma Street.

**AS TO THE FIFTH CAUSE OF ACTION AGAINST FURR, DUGGER, LUCINDA DUGGER, TRUSTEE, THE A&M PROPERTIES TRUST, AND DOES 1-20 INCLUSIVE:**

1. For general damages in the amount of the Amended Judgment together with post-judgment interest, costs, and attorney's fees;

2. For exemplary and punitive damages.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit herein incurred;

2. For attorney's fees as may be allowed by the Court;

3. For such other and further relief as the Court may deem just and proper.

DATED: July 29, 2014                    BUCHALTER NEMER
                                        A Professional Corporation


                                        By: /s/ Ivo Keller
                                        _____
                                            JEFFREY B. KIRSCHENBAUM
                                                    IVO KELLER
                                        Attorneys for Plaintiff Citibank, N.A.

1

## INDEX OF EXHIBITS

2

3

| Exhibit 1 | Amended Judgment |
|-----------|------------------|
| Exhibit 2 | Grant Deed for 10, 12, and 12A Guy Place |
| Exhibit 3 | Grand Deed for 630 Natoma Street |
| Exhibit 4 | Trust Agreement for The A&M Properties Trust |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 16756407V2

**COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCES AND FOR CONSPIRACY**

# EXHIBIT 1

302

**F I L E D**
Superior Court of California
County of San Francisco

FEB 2 0 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

1   BUCHALTER NEMER
    A Professional Corporation
2     JEFFREY B. KIRSCHENBAUM (SBN: 152290)
      IVO KELLER (SBN: 245909)
3   55 Second Street, 17th Floor
    San Francisco, CA 94105-3493
4   Telephone: (415) 227-0900
    Facsimile: (415) 227-0770
5   Email: jkirschenbaum@buchalter.com;
    ikeller@buchalter.com
6
    Attorneys for Plaintiff, Citibank, N.A.
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO      **BY FAX**

10
    CITIBANK, N.A., a national banking        CASE NO. CGC-13-527995
11  association,
                                              ~~[Proposed]~~
12              Plaintiff,
                                              **AMENDED JUDGMENT**
13        vs.

14  LUCAS O. STICKNEY, an individual; and
    DOES 1 through 10, inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

1    On November 21, 2013, the Court granted the Motion of Citibank, N.A., a national

2    banking association ("Plaintiff") for Summary Judgment against Lucas O. Stickney

3    ("Defendant").  Therefore, Plaintiff is entitled to judgment against the Defendant as a matter of

4    law, for the reasons and in the amounts as set forth in the Order Granting Plaintiff's Motion for

5    Summary Judgment; further on January 23, 2014, the Court granted the Motion of Plaintiff for

6    Attorneys' Fees and Costs as against the Defendant.

7    Accordingly, in accordance with the Orders:

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is amended as

9    follows:  That Plaintiff CITIBANK, N.A., a national banking association, shall have and recover

10   from Defendant LUCAS O. STICKNEY, an individual, the principal amount of $278,544.55,

11   interest in the sum of $14,087.83, late charges of $3,973.58, attorneys' fees of $29,393.50 and

12   costs of $1,190.00, for a total of $327,189.46.

13   IT IS SO ORDERED.

14   FEB 2 0 2014

15   Dated: _____

16

17   _____

18   Hon. Ernest H. Goldsmith
     Judge of the San Francisco County Superior Court

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 15606454V1

2

AMENDED JUDGMENT – CASE NO. CGC-13-527995



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Feb-20-2014  8:37 am

Case Number: CGC-13-527995

Filing Date: Feb-20-2014 8:36

Filed by:  KAREN LIU

Juke Box: 001    Image: 04384745

COURT JUDGMENT - GENERAL

CITIBANK N.A., A NATIONAL BANKING ASSOCIATION VS. LUCAS O. STICKNEY
et al

001C04384745

**Instructions:**
Please place this sheet on top of the document to be scanned.

# EXHIBIT 2

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2012-J414748-00
Check Number 540
Thursday, MAY 17, 2012 13:34:31
Ttl Pd     $20.00     Rcpt # 0004407653
REEL   K649   IMAGE 0809
odm/KC/1-2

RECORDING REQUESTED BY:
Robert F. Klueger
Klueger & Stein, LLP
16000 Ventura Boulevard,
Suite 1000
Encino, California 91436

AND WHEN RECORDED MAIL TO:
SAME AS ABOVE.

MAIL TAX STATEMENTS TO:
Lucinda Dugger, Trustee
12 Guy Place
San Francisco, California 94105

APN: Lot 6, Block 3749

## GRANT DEED

**GRANT DEED** (Excluded from Reappraisal under Proposition 13, *i.e.*, Calif. Const. Art 13A§1 et. seq.) The undersigned Grantors declare under penalty of perjury that the following is true and correct: **THERE IS NO CONSIDERATION FOR THIS TRANSFER.** Documentary transfer tax is $ NONE. "This is a bonafide gift and the grantor received nothing in return, R & T 11911."

**FOR NO CONSIDERATION, GRANTORS,** Lucas Stickney, a married man and Jamie Furr, a married woman, as to a 1/3 interest hereby **GRANTS** to Lucinda Dugger, Trustee, THE A&M PROPERTIES TRUST, the following described real property in the City of San Francisco, County of San Francisco, State of California:

The land referred to herein below is situated in the City of San Francisco, County of San Francisco, State of California and is described as follows:

Beginning at a point on the Northwesterly line of Guy Place, distant thereon 125 feet Southwesterly from the Southwesterly line of 1st Street; running thence Southwesterly and along said line of Guy Place 25 feet; thence at a right angle Northwesterly 70 feet; thence at a right angle Northeasterly 25 feet; thence at a right angle Southeasterly 70 feet to the point of beginning. Being a portion of 100 Vara Block No. 37, in Block No. 348.

More commonly known as: 10, 12 and 12A Guy Place, San Francisco, California 94105.

Dated: May 17, 2012

_____
Lucas Stickney

_____
Jamie Furr

STATE OF CALIFORNIA        )
                          )
COUNTY OF LOS ANGELES      )

On ~~April~~ MAY 17, 2012, before me, WILLIAM N TRAVIS JR, a notary public, personally appeared Lucas Stickney and Jamie Furr, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s) or the entity on behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

_____
Notary Public

WILLIAM N. TRAVIS JR.
Commission # 1950817
Notary Public - California
San Francisco County
My Comm. Expires Dec 4, 2015

# EXHIBIT 3

San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC— 2012-J414747-00
Check Number 548
Thursday, MAY 17, 2012 13:34:31
Ttl Pd    $20.00       Rcpt # 0004407652
REEL  K649  IMAGE  0808
                                   odm/KC/1-2

**RECORDING REQUESTED BY:**
Robert F. Klueger
Klueger & Stein, LLP
16000 Ventura Boulevard,
Suite 1000
Encino, California 91436

**AND WHEN RECORDED MAIL TO:**
SAME AS ABOVE.

**MAIL TAX STATEMENTS TO:**
Lucinda Dugger, Trustee
12 Guy Place
San Francisco, California 94105

APN: 3727-049

## GRANT DEED

**GRANT DEED** (Excluded from Reappraisal under Proposition 13, *i.e.*, Calif. Const. Art
13A§1 et. seq.) The undersigned Grantors declare under penalty of perjury that the following is
true and correct: **THERE IS NO CONSIDERATION FOR THIS TRANSFER.**
Documentary transfer tax is $ **NONE.** "This is a bonafide gift and the grantor received
nothing in return, R & T 11911."

**FOR NO CONSIDERATION, GRANTORS,** Lucas O. Stickney and Jamie N. Furr,
husband and wife as community property, hereby **GRANT** to Lucinda Dugger, Trustee, THE
A&M PROPERTIES TRUST, the following described real property in the City of San
Francisco, County of San Francisco, State of California:

COMMENCING AT A POINT ON THE NORTHWESTERLY LINE OF NATOMA STREET,
DISTANT THEREON 250 FEET SOUTHWESTERLY FROM THE SOUTHWESTERLY LINE OF 7TH
STREET; RUNNING THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF
NATOMA STREET 25 FEET; THENCE AT A RIGHT ANGLE NORTHWESTERLY 75 FEET;
THENCE AT A RIGHT ANGLE NORTHEASTERLY 25 FEET; THENCE AT A RIGHT ANGLE
SOUTHEASTERLY 75 FEET TO THE NORTHWESTERLY LINE OF NATOMA STREET AND THE
POINT OF COMMENCEMENT.

*BEING A PORTION OF 100 VARA LOT NO. 260.*

More commonly known as: 630 Natoma Street, San Francisco, California 94103.

Dated: May ⎵17⎵ , 2012

Lucas O. Stickney

Jamie N. Furr

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES      )

On ~~March~~ MAY ⎵17⎵ , 2012, before me, William H Travis Jr , a notary public, personally appeared **Lucas O. Stickney and Jamie N. Furr**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s) or the entity on behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public

WILLIAM H. TRAVIS JR.
Commission # 1859817
Notary Public - California
San Francisco County
My Comm. Expires Dec 4, 2015

# EXHIBIT 4

# THE A & M PROPERTIES TRUST

This Irrevocable Trust Agreement, dated as of the date set forth below, is by and between Luke Stickney and Jamie Furr, husband and wife, residents of San Francisco, California (the "**Grantors**") and Lucinda Dugger, (the "**Trustee**").  All references to the term "trust" in this Trust Agreement, unless otherwise stated, shall refer to the irrevocable trust established by the terms of this Trust Agreement and any other trusts created as part of the provisions of this Trust Agreement. All references to the Trustee shall include the initial Trustee's successors.

## ARTICLE 1

### The Beneficiaries

We are currently married.  We have no children.  The beneficiaries of this trust are as follows:

1. The natural and legally adopted children of Gwendolyn Furr;

2. The natural and legally adopted children of Lydia Dugdale;

3. The natural and legally adopted children of Lucinda Dugger;

4. The natural and legally adopted children of Leah Stickney; and

5. Brooke Lee Furr and Judith A. Furr, Trustees, The Brooke Lee Furr & Judith A. Furr Revocable Trust dated July 19, 2004.

## ARTICLE 2

### Transfers to the Trust

We transfer to the Trustee all of our interests in those parcels of real property described in Schedule A, attached hereto, and any other property that may be listed in the schedule to this Trust,

and may transfer additional assets, to be held on the terms and conditions set forth in this instrument. We retain no right or interest in any property held by the Trustee under the terms of this Trust.

## ARTICLE 3

### Irrevocability

This trust is irrevocable, and we cannot alter, amend, revoke, or terminate the Trust in any way.

## ARTICLE 4

### Common Trust for Our Beneficiaries

The Trustee shall hold and administer the Trust assets in trust for the benefit of the beneficiaries named below as provided in this Article 4.

A.    **Before Our Deaths.** Until the second of the Grantors to die, the Trustee may distribute as much of the Trust's net income to the beneficiaries (as that term is defined in Article 1) as the Trustee shall deem appropriate for any purpose, annually adding to principal any undistributed income.  Trustee's ability to distribute is limited by the following guidelines:

1. The Trustee may distribute income unequally and may make distributions to some beneficiaries and not to others.  The Trustee shall never make distributions to any beneficiary who is being pursued by a creditor in a collection action and may only distribute when the threat of the collection action has passed.

2. The Trustee may consider other income and assets readily available to each beneficiary in making distributions.

3. The trustee may add to the class of beneficiaries any charitable organization the

2

contributions to which are deductible under Sections 170(c), 642(c), and 2522(a) of the
Internal Revenue Code of 1986, as amended (the "Code"), by a writing retained with the
records of the trust, designating the date of the addition of the new beneficiary.

**B.    Upon the Deaths of Both Grantors.** Subject at all times to the provisions of
paragraph C, hereinbelow, upon the deaths of both Grantors, the Trustee shall distribute all trust
assets to those beneficiaries from among those designated in Article 1.  The Trustee shall not make
distributions to any beneficiary who is being pursued by a creditor in a collection action and may
only distribute when the threat of the collection action has passed.  It is our intent that the assets of
this Trust shall benefit only those beneficiaries who we name herein, and not any third party,
including creditors of our beneficiaries.

**C    Trust for Care of Pets**.  Following the deaths of both Grantors, the Trustee shall be
charged with the care of the Grantors' pets.  The Trustee, prior to making any other distribution,
shall set aside sufficient Trust assets to provide for the care of the Grantors' pets, as provided for in
this paragraph.

1.  The trustee shall provide for the reasonable cost of the maintenance and care of
the Grantors' pets until such time and all of the pets have been properly adopted.

2.  The trustee shall assure that every pet is adopted only by an organization
dedicated to and skilled in the care of the particular breed, assuring that the organization to which
the pet is placed does not support euthanasia.  All of the costs of adoption shall be borne by the
Trust.

3.  If and to the extent there are Trust assets remaining after all of the pets have
been properly adopted, such funds shall be distributed in accordance with the provisions of
paragraph B, hereinabove.

## ARTICLE 5

### Contingent Trust for Certain Beneficiaries

The Trustee shall retain as a separate trust, any principal or income that would otherwise be distributed to a beneficiary before that beneficiary has reached the age of twenty-one (21) years. The Trustee may distribute to or for the benefit of such beneficiary as much of the net income and principal as the Trustee may consider appropriate for the beneficiary's health, education, support, or maintenance, annually adding to principal any undistributed income. When such beneficiary reaches 21 years of age, the Trustee shall distribute to such beneficiary his trust share, outright and free of trust.

## ARTICLE 6

### The Trustees

A. **Named Trustee.** Lucinda Dugger shall act as the initial trustee of this Trust.

B. **Successor Trustees.** The Grantors, acting jointly shall the right to terminate the initial Trustee with any person or entity other than themselves, which successor trustee shall have the same powers as the initial Trustee. In the event that either of the Grantors shall have died, the successor of them shall have the power to terminate the initial trustee, and to name any person or entity other than himself or herself as successor trustee.

C. **Bond.** No trustee named by me or by another trustee shall be required to provide surety or other security on a bond.

D. **Additional Trustee.** The Trustee may appoint any person as an additional trustee, to serve at the pleasure of the appointing trustee.

4

E.   **Delegation.** The Trustee may delegate to another trustee any power or authority granted by me to the Trustee, to continue at the pleasure of the delegating trustee, unless otherwise agreed. Any person dealing in good faith with a trustee may rely on that trustee's representation that a delegation has been made and remains in effect under this paragraph.

F.   **Resignation.**

1. A trustee may resign by giving written notice specifying the effective date of the resignation to the designated successor.

2. If no successor is designated, the resigning trustee shall give notice to the then-living adult beneficiaries to whom income may then be distributed.

G.   **Vacancies.** A corporation no substantial portion of the stock of which is owned by me or by beneficiaries of this Trust, may be named as successor trustee to fill any vacancy, by majority vote of the adult beneficiaries to whom trust income may then be distributed.

H.   **Responsibility of Successors.** No trustee shall be responsible for or need inquire into any acts or omissions of a prior trustee.

I.   **Compensation.** In addition to reimbursement for expenses, each individual trustee is entitled to reasonable compensation for services. Each corporate trustee is entitled to compensation based on its written fee schedule in effect at the time its services are rendered or as otherwise agreed, and its compensation may vary from time to time based on that schedule.

J.   **Management Powers.** The Trustee may exercise the powers described below, in a fiduciary capacity.

1. The trustee may invest and reinvest the trust (or leave it temporarily not invested) in any type of property and every kind of investment, in the same manner as a prudent investor would invest his or her own assets.

5

2. The trustee may sell or exchange any real or personal property contained in the trust, for cash or credit, at public or private sale, and with such warranties or indemnifications as the trustee may deem advisable.

3. The trustee may borrow money (even from a trustee and from any beneficiary of the trust), for the benefit of the trust and secure these debts with assets of the trust.

4. The trustee may grant security interests and execute all instruments creating such interests upon such terms as the trustee may deem appropriate.

5. The trustee may compromise and adjust claims against or on behalf of the trust on such terms as the trustee may deem appropriate.

6. The trustee may take title to any securities in the name of any custodian or nominee, without disclosing this relationship.

7. The trustee may determine whether receipts are income or principal and whether disbursements are to be charged against income or principal, to the extent not established clearly by state law. Determinations made by the trustee in good faith shall not require equitable adjustments.

8. The trustee may make all tax elections and allocations the trustee may consider appropriate; however, this authority is exercisable only in a fiduciary capacity and may not be used to enlarge or shift any beneficial interest except as an incidental consequence of the discharge of fiduciary duties. No tax elections or allocations made by the trustee in good faith shall require equitable adjustments.

9. The trustee may employ such lawyers, accountants, and other advisers as the trustee may deem useful and appropriate for the administration of the trust. The trustee may employ a professional investment adviser in managing the investments of the trust

(including any investment in mutual funds, investment trusts, or managed accounts), delegate to this adviser any discretionary investment authorities, and rely on the adviser's investment recommendations without liability to any beneficiary.

**10.** The trustee may divide and distribute the trust in kind, in money, or partly in each, without regard to the income tax basis of any asset and without the consent of any beneficiary. The decision of the trustee in dividing any portion of the trust between or among two (2) or more beneficiaries shall be binding on all persons.

**11.** The trustee shall distribute any of the trust to a minor by distributing it to any appropriate person (who may be a trustee) chosen by the trustee, as custodian under any appropriate Uniform Transfers (or Gifts) to Minors Act, to be held for the maximum period of time allowed by law. The trustee may also sell any asset that cannot legally be held under this custodianship and invest the sales proceeds in assets that can be held under this custodianship.

## ARTICLE 7

### Overriding Purposes

This article states some of our purposes in creating this Trust, and all provisions of the Trust shall be construed so as best to effect these purposes. No trustee shall exercise any discretion in a manner that could reasonably be expected to frustrate the effectuation of these purposes.

A.      **Income Tax.** The trust shall be a grantor trust deemed owned by the Grantors for federal income tax purposes.

B.      **Gift Tax.** All transfers to the trust shall be incomplete gifts for federal gift tax purposes.

C.      **Estate Tax.** The assets of the trust shall be included in our gross estates for federal estate tax purposes.


## ARTICLE 8

### Trust Administration

A.      **Spendthrift Limits.** A beneficiary may disclaim or release his or her interest in principal or income, but no beneficiary shall anticipate, assign, encumber, or subject to any creditor's claim or to legal process any interest in principal or income before its actual receipt by any beneficiary.  The beneficial and legal interests in this Trust, its principal, and its income shall be free from interference or control of any beneficiary's creditor and shall not be subject to claims of any such creditor or liable to attachment, execution, bankruptcy or other process of law.  If a creditor obtains a writ of attachment, garnishment or like process against a beneficiary, then, until its release, the Trustee shall pay to such beneficiary only such sums as are necessary for his or her reasonable health, education and support according to his or her accustomed standard of living, and the remainder of his or her interest shall be accumulated.

B.      **Protection from Creditors.** If the Trustee shall determine that a beneficiary would not benefit as greatly from any outright distribution of trust income or principal because of the availability of the distribution to his or her creditors, the trustee shall instead expend those amounts for the benefit of the beneficiary. This direction is intended to enable the trustee to give each beneficiary the fullest possible benefit and enjoyment of all of the trust income and principal to which he or she is entitled.

8

C.      **Merger and Consolidation.** The Trustee may merge or consolidate any trust into any other trust that has the same trustee and substantially the same dispositive provisions.

D.      **Division of Trusts.** The Trustee may divide any trust into multiple separate trusts.

E.      **Accountings.** The Trustee shall not be required to file annual accounts with any court or court official in any jurisdiction.

F.      **Change of Situs.** The Trustee may change the situs of the trust, and to the extent necessary or appropriate, move the trust assets to a state or country other than the one in which the trust is then administered if the trustee shall determine it to be in the best interests of the trust or the beneficiaries. The trustee may elect that the law of such other jurisdiction shall govern the trust to the extent necessary or appropriate under the circumstances.

G.      **Disabled Beneficiary.** The Trustee may distribute income, principal, or both for a disabled beneficiary to his or her guardian or other legal personal representative, to his or her parent, guardian, personal representative, or the person with whom the beneficiary resides, without looking to the proper application of those payments.

H.      **Additional Transfers.** Any person may transfer property to the Trustee at any time. The Trustee may refuse to accept a transfer if the trustee deems that acceptance is not in the trust's best interests. The trustee may accept a gift subject to one or more conditions imposed by the donor or the trustee if it is in the best interests of the trust and the beneficiaries and if the condition does not change the rights of a beneficiary with respect to any prior gift.

I.      **Tax-Sensitive Powers.** The Trustee may make no distribution or expenditure that discharges a legal obligation of mine or gives me any pecuniary benefit or incident of ownership in any life insurance policy held by the trust. The trustee may not participate in the exercise of any discretion to distribute principal to himself or herself other than for his or her health, education,

9

support, and maintenance, or any of them, nor may any trustee participate in the exercise of any discretion to distribute or expend principal or income in a manner that would discharge a trustee's personal obligation to support the beneficiary. If this paragraph precludes all of the then-serving trustees from exercising a discretion otherwise granted them, an independent person may be named by the trustee as an additional trustee, with the sole authority to exercise these discretions.

**J. Income Taxes.** The Trustee shall not pay or reimburse me for the payment of any incremental income taxes imposed upon me with respect to income or gains received by the Trust, whether or not distributed to us.

## ARTICLE 9

### Definitions and Miscellaneous

**A.     Survivorship.** No person shall be deemed to have survived a Grantor for purposes of this trust unless he or she is living on the date ninety (90) days after the date of the Grantor's death.

**B.     Tax-Related Terms.** All tax-related terms shall have the same meaning in this Trust that they have in the Code.

**C.     Trust.** "Trust," without further qualification or specification, shall refer to all trusts under this instrument.

**D.     Trustee.** "Trustee" shall include each trustee individually, multiple trustees, and any successor.

**E.     Absence of Beneficiaries.** If all of the beneficiaries of this Trust should die before

10

the trust assets have vested, the trustee shall distribute all of the remaining assets of that trust to Grantors' legal heirs who would have inherited a Grantor's personal estate, and in such shares as they would have inherited it, had a Grantor died without a valid will, determined on the later of the date of Grantor's death or the date of the death of the last of the beneficiaries to die.

F.    **Copies.** There is only one signed original of this Trust. Anyone may rely on a copy of this Trust certified by a notary public or similar official to be a true copy of the signed original (and of any amendments) as if that copy were the signed original. Anyone may rely upon any statement of fact certified by the person who appears from the original document or a certified copy to be a trustee.

G.    **Number.** Whenever the context requires, the singular number includes the plural and the plural the singular.

H.    **Applicable Law.** This trust shall be governed by and construed according to the laws of the State of California.

I.    **Contest Clause.** In the event any beneficiary under this Trust shall, singly or in conjunction with any other person or persons, contest in any court the validity of this Trust or shall seek to obtain an adjudication in any proceeding in any court that this Trust or any of its provisions is void, or seeks to nullify or set aside this Trust or any of its provisions, then the right of that person or any of such person's descendants to take any interest given to him or her by this Trust shall be determined as it would have been determined had the person predeceased me, without descendants. The Trustee is hereby authorized to defend, at the expense of the Trust, any contest or attack of any nature on this Trust or any of its provisions.

**WE CERTIFY** that we have read the foregoing Declaration of Trust and Trust Agreement and

11

that it correctly states the terms and conditions under which The A&M Properties Trust is to be held, managed and administered by the Trustee.  We approve The A&M Properties Trust in all particulars.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

12

DATED: ~~April~~ MAY 14, 2012

Luke Stickney
Grantor

Jamie Furr
Grantor

ACCEPTED:

DATED: ~~April~~ May 10, 2012

Lucinda Dugger
Trustee

STATE OF CALIFORNIA           )
                              )
COUNTY OF San Francisco       )

On May 14, _____, 2012, before me, PRITI PARIKH, a Notary Public, personally appeared Luke Stickney and Jamie Furr, who proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within Instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the persons, or the entity upon behalf of which the person acted, executed the instrument.

I HEREBY CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

16

WITNESS my hand and official seal.

*Priti Parikh*

Notary Public

STATE OF ~~CALIFORNIA~~ District of Columbia

~~COUNTY OF~~ City OF Washington

On May 10 _____, 2012, before me, Rashia Taylor _____, a Notary Public, personally appeared Lucinda Dugger, who proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I HEREBY CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

WITNESS my hand and official seal.

*Rashia Taylor*

Notary Public

RASHIA A. TAYLOR
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2016